UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 5:25-CR-128-KKC

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                              PLEA AGREEMENT

BYRON KEMP HOWARD                                                 DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count Three of the Indictment. Count Three charges a violation of 18 U.S.C. § 922(g)(1), Convicted Felon in Possession of a Firearm. Pursuant to Rule 11(c)(1)(A), the United States will move to dismiss Counts One and Two at sentencing and agrees not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count Three are:

   (a) The Defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year;

   (b) The Defendant, following his conviction, knowingly possessed a firearm as specified in the Indictment;

   (c) That at the time of the Defendant's possession, he knew he had been convicted of a crime punishable by imprisonment for more than a year; and

1

    (d) The firearm specified in the Indictment crossed a state line prior to the Defendant taking possession.

3. As to Count Three, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) On May 20, 2024, the Defendant fled from state and federal law enforcement as an attempt was made to execute a federal arrest warrant at a shed the Defendant occupied in Laurel County, in the Eastern District of Kentucky. The Defendant fled from the scene in his car. The pursuit ended when the Defendant crashed his vehicle into a tree. When a Deputy U.S. Marshal and other law enforcement approached, the Defendant fired two rounds from a Taurus, Model 856, .38 special revolver.

    (b) Taurus Model 856 revolvers are not manufactured in Kentucky and therefore the weapon necessarily traveled in interstate commerce before arriving in Kentucky. The Defendant was convicted of Manufacturing Methamphetamine in Knox Circuit Court Case No. 11-CR-00128. The Defendant was ultimately sentenced to a 10-year term of imprisonment in 2016 after his probation was revoked. The Defendant was aware that he was a convicted felon and prohibited from possessing a firearm.

4. The statutory punishment for Count Three is not more than 15 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The November 1, 2025, United States Sentencing Guidelines (U.S.S.G.) manual will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 2K2.1(a)(4), the base offense level is 20 because the Defendant has a prior felony conviction for a controlled substance offense;

(c) Pursuant to U.S.S.G. § 2K2.1(b)(7)(B), increase the offense level by 4 levels because the Defendant possessed a firearm in connection with another felony offense, specifically First-Degree Wanton Endangerment under Kentucky law;

(d) Pursuant to U.S.S.G. § 3A1.2(c)(1), increase the offense level by 6 levels because the Defendant created a substantial risk of serious bodily injury to a law enforcement officer, Deputy U.S. Marshal Collier Phillips, during the course of the offense and immediate flight therefrom;

(e) Pursuant to U.S.S.G. § 3C1.2, increase the offense level by 2 levels because the Defendant recklessly created a risk of death or serious bodily injury to state law enforcement officials when he fled from the shed nearly striking them;

(f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The United States agrees to recommend a term of imprisonment of 84 months. The Defendant can seek a lower term of imprisonment.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry

of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: 2-7-26      By: _____
                      Jason D. Parman
                      Assistant United States Attorney

Date: 1-28-26        _____
                      Byron Kemp Howard
                      Defendant

Date: 1-28-26        _____
                      Willis G. Coffey
                      Attorney for Defendant

5